IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HORACIO JAVIER ALVAREZ, *Plaintiff* § § § | |
| -vs- § § | SA-22-CV-00273-XR |
| DENIS MCDONOUGH, VA SECRETARY OF VETERANS AFFAIRS; *Defendant* § § § § | |

### ORDER

On this date, the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation regarding the above numbered and styled case, filed April 14, 2022 (ECF No. 4)[1] and Plaintiff Horacio Javier Alvarez's objections, filed on April 27, 2022 (ECF No. 7). After careful consideration, the Court issues the following order.

### BACKGROUND

On March 22, 2022, Plaintiff Horacio Javier Alvarez ("Plaintiff"), proceeding *in forma pauperis* ("IFP"), filed his original complaint against Denis McDonough, in his official capacity as the Secretary of Veterans Affairs. ECF No. 1. Plaintiff asks this Court for a hearing regarding the denial of disability benefits by the Department of Veterans Affairs ("the VA") and seeks "benefits in the form of one hundred per cent disability rating [] [s]tarting from March 2015." *Id.* at 2. Plaintiff alleges that he has "reached the end of all the appeals due to [him] within the V.A." after having been denied benefits in September 2021. *Id.* at 1, 4.

On April 14, 2022, Magistrate Judge Farrer recommended to this Court that Plaintiff's IFP Application (ECF No. 2) be granted, but that this case be dismissed pursuant to 28 U.S.C. § 1915(e)

---

[1] When citing to the parties' filings, the Court refers to ECF pagination.

for failure to state a claim. ECF No. 4 at 4. The Magistrate Judge explained in his report and recommendation that the Veterans Judicial Review Act ("VJRA") "create[s] an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veteran Affairs." *Id.* at 4 (quoting *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995)). Consequently, the Magistrate Judge concluded that Plaintiff's claim must be dismissed because Plaintiff cannot bypass the procedure Congress has prescribed for appealing VA benefits determinations, which "expressly [gives] the Federal Circuit Court of Appeals 'exclusive jurisdiction' to 'interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.'" *Id.* (quoting *Zuspann*, 60 F.3d at 1159).

On April 27, 2022, Plaintiff filed his objections to the Magistrate Judge's Recommendation to the District Court. ECF No. 7. Plaintiff argues that dismissing his case would deny him his "right to a court hearing," and that the Magistrate Judge's conclusion that the action is "frivolous" is "beyond believe [sic]." *Id.* at 1.

## DISCUSSION

### I. Legal Standard

Where the report and recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition de novo pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[De novo] review means that the Court will examine the entire record, and will make an independent assessment of the law." *Johnson v. Sw. Rsch. Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016).

Section 1915(a) enables an indigent person to bring an IFP action in federal court without paying costs, but § 1915(e)(2) prevents abuse of the privilege by authorizing the Court to dismiss the case if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a), (e)(2). A district court is vested with especially broad discretion in determining whether a dismissal under § 1915(e)(2)(B)(i) for frivolousness is warranted, and dismissal is appropriate where the complaint has no realistic chance of ultimate success. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *George v. King*, 837 F.3d 705, 707 (5th Cir. 1988). In determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), the Court applies the same standards governing dismissals under Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**II.     Analysis**

Because Plaintiff timely objected to the Magistrate Judge's report and recommendation, the Court conducts a de novo review of this case. Nonetheless, the Court concludes that Plaintiff's complaint must be dismissed.

Congress passed the VJRA with the clear intent to preclude the review of VA benefits determinations in federal district courts. *Zuspann*, 60 F.3d at 1158 (citing 38 U.S.C. § 7251). The VJRA created an "exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs." *Id.* at 1158. Under the VJRA, a veteran like Plaintiff must appeal an adverse benefits determination to the Board of Veterans' Appeals and then to the Court of Appeals for Veterans' Claims. *Id.* at 1158–59; 38 U.S.C. §§ 7104, 7252. If still

unsuccessful, the veteran may appeal to the United States Court of Appeals for the Federal Circuit. *Zuspann*, 60 F.3d at 1159; 38 U.S.C. § 7292.

Plaintiff cannot bypass this exclusive procedure by seeking review in this Court. Federal courts are courts of limited jurisdiction. As such, a federal court must have statutory or constitutional power to adjudicate a case. *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011) ("Federal subject matter jurisdiction is limited and must be conferred by Congress within the bounds of the Constitution."). Here, the Court lacks subject matter jurisdiction because the VJRA precludes this Court from reviewing VA benefits determinations. *Zuspann*, 60 F.3d at 1159. Thus, Plaintiff's claim must be dismissed for lack of subject matter jurisdiction. This is not because the Court believes that Plaintiff's claim is "trivial, foolish, [or] inconsequential" as Plaintiff submits the Magistrate Judge implies in the report and recommendation. *See* ECF No. 7 at 1. Rather, the Court is sympathetic to Plaintiff, but it is still unable to hear his claim because it lacks jurisdiction to do so.[2]

Plaintiff has failed to state a cognizable claim that this Court can adjudicate because the VJRA precludes this Court from reviewing VA benefits determinations. Pursuant to 28 U.S.C. § 1915, this Court is authorized to dismiss Plaintiff's claim for failure to state a claim, and the Magistrate Judge was correct in recommending this Court do so. Therefore, Plaintiff's claims must be dismissed.

---

[2] Additionally, the Magistrate Judge concluded that Plaintiff's claim is "frivolous." ECF No. 4 at 5. A claim is legally frivolous when the court lacks subject matter jurisdiction over it. *See Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512, 512 (5th Cir. 2013). The term "frivolous" is not intended to suggest that Plaintiff's claim lacks serious purpose or value, but rather is used as a term of art suggesting this Court cannot hear Plaintiff's claim as discussed above.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** Magistrate Judge Farrer's Report and Recommendation. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case and to mail a copy of this order to Horacio Javier Alvarez at 832 Elizabeth Road, San Antonio, Texas 78209.

It is so **ORDERED**.

**SIGNED** this 15th day of July, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE